**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | |
|---|---|
| DENISE GAY DECRANE; CHRISTOPHER HAGAN HUFF, | ) ) ) |
|       **Plaintiffs,** | ) ) |
|     **v.** | )  **Case No.: 1:15-CV-00365-JMS-DKL** ) |
| ELI LILLY AND COMPANY, | ) ) |
|       **Defendant.** | ) |

### ANSWER TO PLAINTIFFS' SECOND AMENDED COMPLAINT
### AND DEMAND FOR JURY TRIAL

Defendant Eli Lilly and Company ("Lilly"), by and through its undersigned attorney, hereby files its Answer and Defenses to Plaintiffs' Second Amended Complaint.

### INTRODUCTION

1.     Lilly admits that it manufactures, markets, and sells Cymbalta®, for use only upon a prescription by a licensed physician, in accordance with applicable laws and regulations, and for its approved indications with FDA-approved warnings, precautions and other labeled risks and benefits of the medications. Lilly lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the remaining allegations in INTRODUCTION Paragraph 1 and therefore denies the same.

### PARTIES

1.     Lilly lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 1. However, consistent with the parties' Joint Jurisdictional Statement in *Hill v. Eli Lilly and Co.*, Case No. 1:15-CV-0141 (ECF No. 28), Lilly

has proposed to plaintiffs' counsel that the plaintiffs could provide sworn declarations attesting to their citizenship, and that Lilly will file an amended answer upon receipt of such declarations.

2.     Lilly lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 2.  However, consistent with the parties' Joint Jurisdictional Statement in *Hill v. Eli Lilly and Co.*, Case No. 1:15-CV-0141 (ECF No. 28), Lilly has proposed to plaintiffs' counsel that the plaintiffs could provide sworn declarations attesting to their citizenship, and that Lilly will file an amended answer upon receipt of such declarations.

3.     Lilly admits that it is an Indiana corporation with its principal place of business in Indianapolis, Indiana.  Lilly also admits that it is engaged in the business of research, development, testing, manufacturing, producing, promoting, distributing, marketing, and selling prescription medications, including but not limited to Cymbalta®.  Lilly denies the remaining allegations in Paragraph 3.

## JURISDICTION AND VENUE

4.     Lilly admits only that each Plaintiff is seeking damages in excess of $75,000.00, exclusive of interest and costs.  Lilly denies that any Plaintiff is entitled to damages in any amount.  Lilly lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations concerning diversity jurisdiction.  However, consistent with the parties' Joint Jurisdictional Statement in *Hill v. Eli Lilly and Co.*, Case No. 1:15-CV-0141 (ECF No. 28), Lilly has proposed to plaintiffs' counsel that the plaintiffs could provide sworn declarations attesting to their citizenship, and that Lilly will file an amended answer upon receipt of such declarations.

5.     Lilly admits that it is authorized to conduct business and does conduct business in Indiana.  Lilly denies the remaining allegations in Paragraph 5 on the basis that they purport to allege conclusions of law and thus do not require a response.

6.     Paragraph 6 of the Second Amended Complaint purports to allege conclusions of law and thus does not require a response and on that basis Lilly denies the allegations.

7.     Paragraph 7 purports to allege conclusions of law and thus does not require a response and on that basis Lilly denies the allegations.

## FACTUAL ALLEGATIONS

8.     Paragraph 8 is vague and ambiguous as to time, content, and context and on that basis, Lilly denies the allegations.

9.     Lilly admits that it researched, tested, developed, manufactured, labeled, marketed and sold Prozac®, for use only upon a prescription by a licensed physician, in accordance with applicable laws and regulations, and for its approved indications with FDA-approved warnings, precautions, and other labeled risks and benefits of the medication.  Lilly admits that Prozac® is in the class of prescription medications known as selective serotonin reuptake inhibitors ("SSRIs"), but denies the relevance of the information.  Lilly admits that the United States Food and Drug Administration ("FDA") approved Prozac® in 1987 as a safe and effective medication for the treatment of Major Depressive Disorder ("MDD").  Lilly admits that Prozac®'s patent expired in August 2001.  Allegations pertaining to SSRIs as a class of antidepressants are vague and ambiguous as to time, content, and context and on that basis, Lilly denies the allegations. Lilly denies the remaining allegations in Paragraph 9.

10.    Lilly admits that Cymbalta® is a serotonin norepinephrine reuptake inhibitor ("SNRI").  Allegations pertaining to statements made about SNRIs are vague and ambiguous as

to time, content, and context and on that basis, Lilly denies the allegations. Lilly denies the remaining allegations in Paragraph 10.

11.     Lilly denies the allegations in Paragraph 11.

12.     Lilly admits that the FDA approved Cymbalta® in 2004 for the treatment of Major Depressive Disorder ("MDD"). Lilly further admits that the FDA approved Cymbalta® for the treatment of Generalized Anxiety Disorder ("GAD") in 2007 and fibromyalgia in 2008. Lilly denies the remaining factual allegations in Paragraph 12.

13.     Lilly admits that the FDA approved Cymbalta® in 2004. Lilly also admits that it researched, tested, developed, manufactured, labeled, marketed, and sold Cymbalta®, for use only upon a prescription by a licensed physician, in accordance with applicable laws and regulations, and for its approved indications with FDA-approved warnings, precautions, and other labeled risks and benefits of the medication. Lilly further admits that it promoted Cymbalta® to prescribers through its sales representatives. The allegations pertaining to the promotion of Cymbalta® utilizing Lilly sales representatives are vague and ambiguous as to time, content, and context and on that basis, Lilly denies the allegations. Lilly denies the remaining allegations in Paragraph 13.

14.     Lilly denies the allegations in Paragraph 14.

15.     Lilly admits that the half-life of a drug is the time it takes for the concentration of the drug in the body to be reduced by one-half. Lilly further admits that, since 2004, the Cymbalta label has stated that the half-life of Cymbalta is approximately 12 hours. Lilly denies the remaining allegations in Paragraph 15.

16.     Lilly admits that Paragraph 16 contains an accurate partial quotation from the 2004 Cymbalta label.  Lilly denies the remaining allegations in Paragraph 16 as characterized by Plaintiffs.

17.     Lilly denies the allegations in Paragraph 17.

18.     Lilly denies the allegations in Paragraph 18.

19.     Lilly admits that the risk of discontinuation symptoms from antidepressant therapy was a well understood clinical phenomenon for decades prior to Cymbalta's approval and that the need for tapering off of antidepressant therapy was also well understood.  Lilly denies the remaining allegations in Paragraph 19.

20.     Lilly denies the allegations in Paragraph 20.  Answering further, Lilly notes that the cited articles speak for themselves.

21.     Lilly denies the allegations in Paragraph 21.  Answering further, Lilly notes that the cited materials speak for themselves.

22.     Lilly admits that the Cymbalta® label has included a warning on discontinuation symptoms since Cymbalta® was approved by the FDA in 2004.  Lilly admits that the Cymbalta® label contains the following "WARNINGS AND PRECAUTIONS" section regarding "Discontinuation of Treatment with Cymbalta®":

> Discontinuation symptoms have been systematically evaluated in patients taking duloxetine.   Following abrupt or tapered discontinuation in placebo-controlled clinical trials, the following symptoms occurred at 1% or greater and at a significantly higher rate in duloxetine-treated patients compared to those discontinuing from placebo: dizziness, headache, nausea, diarrhea, paresthesia, irritability, vomiting, insomnia, anxiety, hyperhidrosis, and fatigue. During marketing of other SSRIs and SNRIs (serotonin and norepinephrine reuptake inhibitors), there have been spontaneous reports of adverse events occurring upon discontinuation of these drugs, particularly when abrupt, including the following: dysphoric mood, irritability, agitation, dizziness, sensory disturbances (e.g., paresthesias such as electric shock sensations), anxiety, confusion,

> headache, lethargy, emotional lability, insomnia, hypomania, tinnitus, and seizures. Although these events are generally self-limiting, some have been reported to be severe.
>
> Patients should be monitored for these symptoms when discontinuing treatment with Cymbalta®. A gradual reduction in the dose rather than abrupt cessation is recommended whenever possible. If intolerable symptoms occur following a decrease in the dose or upon discontinuation of treatment, then resuming the previously prescribed dose may be considered. Subsequently, the physician may continue decreasing the dose but at a more gradual rate . . . .

Paragraph 22 is vague and ambiguous as to time, content, and context and on that basis, Lilly denies the remaining allegations.

23. Lilly admits that the Cymbalta® label has included a warning on discontinuation symptoms since Cymbalta® was approved by the FDA in 2004. Lilly admits that the Cymbalta® label contains the warning detailed in Paragraph 22, above. Paragraph 23 is vague and ambiguous as to time, content, and context and on that basis, Lilly denies the remaining allegations.

24. The article cited speaks for itself, and Lilly denies any inaccurate characterization or interpretation of the article to which Plaintiffs refer in Paragraph 24 of the Second Amended Complaint when read in context and in its entirety. Lilly denies the remaining allegations in Paragraph 24.

25. Paragraph 25 is vague and ambiguous as to time, content, and context and on that basis, Lilly denies the allegations. Lilly denies the remaining allegations in Paragraph 25.

26. Lilly denies the allegations in Paragraph 26.

27. Lilly admits that Cymbalta is designed as delayed-release capsules at dosages of 20 mg, 30 mg, and 60 mg. Lilly further admits that Cymbalta should be swallowed whole. Lilly denies the remaining allegations in Paragraph 27.

28. Lilly denies the allegations in Paragraph 28.

29.     The allegations pertaining to the sales and profitability of Cymbalta are vague and ambiguous as to time, content, and context and on that basis, Lilly denies the allegations. Paragraph 29 purports to allege conclusions of law that do not require a response and on that basis Lilly denies the allegations. Lilly further denies it had a duty to warn consumers directly of alleged risks associated with the use of Cymbalta. Lilly denies any remaining allegations in Paragraph 29.

30.     Lilly denies the allegations in Paragraph 30.

31.     Lilly denies the allegations in Paragraph 31.

32.     Paragraph 32 purports to allege conclusions of law and on that basis Lilly denies the allegations. Moreover, Lilly lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 32 relating to Plaintiffs' use of Cymbalta and therefore denies the same.

<b>PLAINTIFFS' INDIVIDUAL ALLEGATIONS</b>

33.     Lilly incorporates by reference, as if fully set forth herein, its answers to all other paragraphs of Plaintiffs' Second Amended Complaint.

34.     Lilly denies the allegations in Paragraph 34, including all subparts, and further denies that Plaintiffs are entitled to any damages or other recovery in this case.

**I.      PLAINTIFF DENISE GAY DECRANE**

35.     Lilly denies the allegations in Paragraph 35.

36.     Paragraph 36 purports to allege conclusions of law and on that basis Lilly denies the allegations. Moreover, Lilly lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 36 relating to Plaintiff Denise Gay DeCrane's use of Cymbalta and therefore denies the same.

37.     Paragraph 37 purports to allege conclusions of law and on that basis Lilly denies the allegations.  Moreover, Lilly lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 37 relating to Plaintiff Denise Gay DeCrane's use of Cymbalta and therefore denies the same.

38.     Lilly lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 38 relating to Plaintiff Denise Gay DeCrane's use of Cymbalta and therefore denies the same.  Lilly denies all remaining allegations in Paragraph 38.

39.     Lilly lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 39 relating to Plaintiff Denise Gay DeCrane's use of Cymbalta and therefore denies the same.  Lilly denies all remaining allegations in Paragraph 39.

40.     Lilly lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 40 relating to Plaintiff Denise Gay DeCrane's use of Cymbalta and therefore denies the same.  Lilly denies all remaining allegations in Paragraph 40.

41.     Lilly denies the allegations in Paragraph 41.

42.     Lilly denies the allegations of Paragraph 42 and further denies that Plaintiff Denise Gay DeCrane is entitled to any damages from Lilly.

**II.     PLAINTIFF CHRISTOPHER HAGAN HUFF**

43.     Lilly denies the allegations in Paragraph 43.

44.     Paragraph 44 purports to allege conclusions of law and on that basis Lilly denies the allegations.  Moreover, Lilly lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 44 relating to Plaintiff Christopher Hagan Huff's use of Cymbalta and therefore denies the same.

45.     Paragraph 45 purports to allege conclusions of law and on that basis Lilly denies the allegations.  Moreover, Lilly lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 45 relating to Plaintiff Christopher Hagan Huff's use of Cymbalta and therefore denies the same.

46.     Lilly lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 46 relating to Plaintiff Christopher Hagan Huff's use of Cymbalta and therefore denies the same. Lilly denies all remaining allegations in Paragraph 46.

47.     Lilly lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 47 relating to Plaintiff Christopher Hagan Huff's use of Cymbalta and therefore denies the same. Lilly denies all remaining allegations in Paragraph 47.

48.     Lilly denies the allegations in Paragraph 48.

49.     Lilly denies the allegations of Paragraph 49 and further denies that Plaintiff Christopher Hagan Huff is entitled to any damages from Lilly.

## FIRST CAUSE OF ACTION

### NEGLIGENCE

50.     Lilly reincorporates and realleges its Responses to all paragraphs of Plaintiffs' Second Amended Complaint as if fully set forth herein.

51.     Paragraph 51 purports to allege conclusions of law that do not require a response and on that basis Lilly denies the allegations.  Lilly further denies it had a duty to warn consumers directly of alleged risks associated with the use of Cymbalta.

52.     Paragraph 52 purports to allege conclusions of law that do not require a response and on that basis Lilly denies the allegations.  Lilly further denies the remaining factual allegations in Paragraph 52, including subparts a through l.

53.     Paragraph 53 purports to allege conclusions of law that do not require a response and on that basis Lilly denies the allegations.  Lilly further denies the remaining factual allegations in Paragraph 53.

54.     Lilly denies the allegations in Paragraph 54.  Moreover, Lilly lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 54 relating to Plaintiffs' alleged injuries and therefore denies the same.

55.     Paragraph 55 purports to allege conclusions of law that do not require a response and on that basis Lilly denies the allegations.  Moreover, Lilly lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 55 relating to Plaintiffs' alleged injuries and therefore denies the same.

56.     Lilly denies the allegations in Paragraph 56, except that Lilly admits only that Plaintiffs seek the relief set forth in Paragraph 56.  Lilly denies that Plaintiffs are entitled to any such relief.

## SECOND CAUSE OF ACTION

## STRICT PRODUCT LIABILITY – DESIGN DEFECT

57.     Lilly reincorporates and realleges its Responses to all paragraphs of Plaintiffs' Second Amended Complaint as if fully set forth herein.

58.     Lilly admits that it has sold Cymbalta in South Carolina, Alabama, Florida, Kentucky, Idaho, Tennessee and Texas.  Paragraph 58 is vague and ambiguous as to time and on that basis, Lilly denies the remaining allegations in Paragraph 58.

59.     Lilly admits that it researched, tested, developed, manufactured, labeled, marketed, promoted, and sold Cymbalta, for use only upon a prescription by a licensed physician, in accordance with applicable laws and regulations, and for its approved indications with FDA-approved warnings, precautions, and other labeled risks and benefits of the medication.  The remaining allegations pertaining to Lilly's "product" are vague and ambiguous as to time, content, and context, and on that basis, Lilly denies the allegations.  Lilly lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations

and legal conclusions in Paragraph 59 relating to Plaintiffs' alleged injuries from Cymbalta and therefore denies the same. Lilly denies the remaining allegations in Paragraph 59.

60. Lilly denies the allegations in Paragraph 60.

61. Lilly denies the allegations in Paragraph 61.

62. Lilly denies the allegations in Paragraph 62.

63. Paragraph 63 purports to allege conclusions of law that do not require a response and on that basis Lilly denies the allegations. Moreover, the allegations in Paragraph 61 are vague and ambiguous as to time, content, and context, and on that basis, Lilly denies the allegations in Paragraph 63.

64. Paragraph 64 purports to allege conclusions of law that do not require a response and on that basis Lilly denies the allegations. Moreover, Lilly lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 64 relating to Plaintiffs' alleged injuries and therefore denies the same.

65. Lilly denies the allegations in Paragraph 65, except that Lilly admits only that Plaintiffs seek the relief set forth in Paragraph 65. Lilly denies that Plaintiffs are entitled to any such relief.

## THIRD CAUSE OF ACTION: STRICT PRODUCT LIABILITY
## FAILURE TO WARN

66. Lilly reincorporates and realleges its Responses to all paragraphs of Plaintiffs' Second Amended Complaint as if fully set forth herein.

67. Lilly admits that it researched, tested, developed, manufactured, labeled, distributed, marketed, promoted, and sold Cymbalta®, for use only upon a prescription by a licensed physician, in accordance with applicable laws and regulations, and for its approved indications with FDA-approved warnings, precautions, and other labeled risks and benefits of the medication. Lilly further admits that it has utilized direct-to-consumer advertising for Cymbalta®, in conformity with applicable rules and regulations. Lilly objects to the term

"persons responsible for consumers" as vague and ambiguous and on that basis denies the allegation. Paragraph 67 further purports to allege conclusions of law that do not require a response and on that basis Lilly denies the allegations. Lilly denies the remaining allegations in Paragraph 67.

68. Paragraph 68 purports to allege conclusions of law that do not require a response and on that basis Lilly denies the allegations.

69. Plaintiffs' allegation pertaining to "exclusive control" is vague and ambiguous as to time, content, and context and on that basis, Lilly denies the allegation. Lilly denies the remaining allegations in Paragraph 69.

70. Lilly denies the allegations in Paragraph 70.

71. Paragraph 71 purports to allege conclusions of law that do not require a response and on that basis Lilly denies the allegations. Lilly denies the remaining allegations in Paragraph 71.

72. Paragraph 72 purports to allege conclusions of law that do not require a response and on that basis Lilly denies the allegations. Lilly denies the remaining allegations in Paragraph 72.

73. Lilly lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 73 relating to Plaintiffs' alleged use of Cymbalta® and therefore denies the same.

74. Lilly lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations relating to Plaintiffs or Plaintiffs' physicians' ability to discover any alleged "defect in the drug" and therefore denies the same. Lilly denies any remaining allegations in Paragraph 74.

75.     Lilly admits that it is engaged in the business of researching, developing, testing, manufacturing, promoting, distributing, marketing, and selling prescription medications, including but not limited to Cymbalta®.  Paragraph 75 purports to allege conclusions of law that do not require a response and on that basis, Lilly denies the allegations.  Lilly denies the remaining factual allegations in Paragraph 75.

76.     Lilly lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 76 relating to Plaintiffs' knowledge and therefore denies the same.  Lilly denies the remaining allegations in Paragraph 76.

77.     Paragraph 77 purports to allege conclusions of law that do not require a response and on that basis Lilly denies the allegations.  Lilly denies the remaining factual allegations in Paragraph 77.

78.     Lilly denies the allegations in Paragraph 78.

79.     Lilly denies the allegations in Paragraph 79.

80.     Paragraph 80 purports to allege conclusions of law that do not require a response and on that basis Lilly denies the allegations.  Moreover, Lilly lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 80 relating to Plaintiffs' alleged injuries and therefore denies the same.

81.     Lilly denies the allegations in Paragraph 81, except that Lilly admits only that Plaintiffs seek the relief set forth in Paragraph 81.  Lilly denies that Plaintiffs are entitled to any such relief.

## FOURTH CAUSE OF ACTION

## NEGLIGENT MISREPRESENTATION

82. Lilly reincorporates and realleges its Responses to all other paragraphs of Plaintiffs' Second Amended Complaint as if fully set forth herein.

83. Paragraph 83 purports to allege conclusions of law that do not require a response and on that basis Lilly denies the allegations.

84. Lilly denies the allegations in Paragraph 84.

85. Paragraph 85 purports to allege conclusions of law that do not require a response and on that basis Lilly denies the allegations. Lilly denies the remaining factual allegations of Paragraph 85.

86. Lilly denies the allegations in Paragraph 86.

87. Lilly denies the allegations in Paragraph 87. Moreover, Lilly lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 87 relating to Plaintiffs and/or their physicians' alleged actions, knowledge, beliefs, and injuries and therefore denies the same.

88. Paragraph 88 purports to allege conclusions of law that do not require a response and on that basis Lilly denies the allegations. Moreover, Lilly lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 88 and therefore denies the same.

89. Paragraph 89 purports to allege conclusions of law that do not require a response and on that basis Lilly denies the allegations. Moreover, Lilly lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 89 relating to Plaintiffs' alleged injuries and therefore denies the same.

90.     Lilly denies the allegations in Paragraph 90, except that Lilly admits only that Plaintiffs seek the relief set forth in Paragraph 90.  Lilly denies that Plaintiffs are entitled to any such relief.

## FIFTH CAUSE OF ACTION

## FRAUD

91.     Lilly reincorporates and realleges its Responses to all other paragraphs of Plaintiffs' Second Amended Complaint as if fully set forth herein.

92.     Paragraph 92 purports to allege conclusions of law that do not require a response and on that basis Lilly denies the allegations.  Answering further, Lilly notes that the text of *Wyeth v. Levine*, 555 U.S. 555, 571 (2009), speaks for itself.

93.     Lilly denies the allegations in Paragraph 93.

94.     Lilly denies the allegations in Paragraph 94.

95.     Lilly denies the allegations in Paragraph 95, including subparts (a) - (i).

96.     Lilly denies the allegations in Paragraph 96.

97.     Paragraph 97 purports to allege conclusions of law that do not require a response and on that basis Lilly denies the allegations.  Moreover, Lilly lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 97 and therefore, denies the same.

98.     Paragraph 98 purports to allege conclusions of law that do not require a response and on that basis Lilly denies the allegations.  Moreover, Lilly lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 98 and therefore denies the same.

99.     Lilly denies the allegations in Paragraph 99.

100.    Paragraph 100 purports to allege conclusions of law that do not require a response and on that basis Lilly denies the allegations.

101.    Lilly denies the allegations in Paragraph 101.

102.    Paragraph 102 purports to allege conclusions of law that do not require a response and on that basis Lilly denies the allegations.  Lilly further denies the remaining allegations in Paragraph 102.

103.    Paragraph 103 purports to allege conclusions of law that do not require a response and on that basis Lilly denies the allegations.  Lilly denies the remaining allegations in Paragraph 103, except that Lilly admits only that Plaintiffs seek the relief set forth in Paragraph 103.  Lilly denies that Plaintiffs are entitled to any such relief.

104.    Paragraph 104 purports to allege conclusions of law that do not require a response and on that basis Lilly denies the allegations.  Moreover, Lilly lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 104 relating to Plaintiffs' alleged injuries and therefore denies the same.

## SIXTH CAUSE OF ACTION

## BREACH OF IMPLIED WARRANTY

105.    Lilly reincorporates and realleges its Responses to all other paragraphs of Plaintiffs' Second Amended Complaint as if fully set forth herein.

106.    Lilly denies the allegations in Paragraph 106.

107.    Paragraph 107 purports to allege conclusions of law that do not require a response and on that basis Lilly denies the allegations.  Moreover, Lilly lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 107 relating

to Plaintiffs' alleged injuries or Plaintiffs' alleged "discontinuation" of Cymbalta® and therefore denies the same.

108.     Lilly lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 108 and therefore denies the same.

109.     Paragraph 109 purports to allege conclusions of law that do not require a response and on that basis Lilly denies the allegations.  Lilly denies the remaining factual allegations.

110.     Paragraph 110 purports to allege conclusions of law that do not require a response and on that basis Lilly denies the allegations.  Moreover, Lilly lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 110 relating to Plaintiffs' injuries and therefore denies the same.

111.     Paragraph 111 purports to allege conclusions of law that do not require a response and on that basis Lilly denies the allegations.  Moreover, Lilly lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 111 relating to Plaintiffs' alleged injuries and therefore denies the same.

112.     Lilly denies the allegations in Paragraph 112, except that Lilly admits only that Plaintiffs seek the relief set forth in Paragraph 112.  Lilly denies that Plaintiffs are entitled to any such relief.

## PRAYER FOR RELIEF

113.     Lilly denies the allegations in this section of Plaintiffs' Second Amended Complaint, except that Lilly admits only that Plaintiffs seek the relief set forth in this section. Lilly denies that Plaintiffs are entitled to any relief whatsoever.

114.     Lilly denies each and every allegation in Plaintiffs' Second Amended Complaint not specifically admitted herein.

## DEMAND FOR JURY TRIAL

This section of Plaintiffs' Second Amended Complaint does not assert any allegation requiring a response. To the extent a response is deemed necessary, Lilly admits that Plaintiffs request a trial by jury.

## GENERAL DENIAL AND DEFENSES

Discovery and investigation may reveal that any one or more of the following defenses should be available to Lilly in this matter. Lilly, therefore, asserts said defenses in order to preserve the right to assert them. Upon completion of discovery, and if the facts warrant, Lilly may withdraw any of these defenses as may be appropriate. Further, Lilly reserves the right to amend its Answer to assert additional defenses, cross-claims, counterclaims, and other claims and defenses as discovery proceeds. Further answering and by way of additional defense, Lilly states the following:

## FIRST DEFENSE

Each and every claim asserted or raised in the Second Amended Complaint is barred by the applicable statute of limitations and is otherwise untimely.

## SECOND DEFENSE

The Second Amended Complaint fails to state a claim upon which relief can be granted.

## THIRD DEFENSE

Each and every claim asserted or raised in the Second Amended Complaint is barred by the doctrines of estoppel, waiver or statutory and regulatory compliance.

## FOURTH DEFENSE

If Plaintiffs have sustained injuries or losses as alleged in the Second Amended Complaint, upon information and belief, such injuries or losses were caused in whole or in part through the operation of nature or other intervening or superseding cause or causes.

## FIFTH DEFENSE

To the extent that Plaintiffs assert claims based upon an alleged failure by Lilly to warn Plaintiff directly of alleged dangers associated with the use of Cymbalta®, such claims are barred under the learned intermediary doctrine because Lilly has discharged its duty to warn in its warnings to the prescribing physician.

## SIXTH DEFENSE

To the extent that Plaintiffs asserts claims based on Lilly's adherence to and compliance with applicable state laws, regulations and rules, such claims are preempted by federal law under the Supremacy Clause of the United States Constitution.

## SEVENTH DEFENSE

Plaintiffs have not sustained an ascertainable loss of property or money.

## EIGHTH DEFENSE

Any liability that might otherwise be imposed upon this Defendant is subject to reduction by application of the doctrine of comparative fault. Lilly invokes the provisions of the state law applicable to Plaintiffs' claims in the unlikely event that liability is established by Plaintiffs in this case.

## NINTH DEFENSE

If Plaintiffs has sustained injuries or losses as alleged in the Second Amended Complaint, such injuries or losses were only sustained after Plaintiffs knowingly, voluntarily, and willfully

assumed the risk of any injury as the result of the consumption of, administration of, or exposure to any medicine or pharmaceutical preparation manufactured or distributed by Lilly or other manufacturer.

## TENTH DEFENSE

If Plaintiffs have sustained injuries or losses as alleged in the Second Amended Complaint, upon information and belief, such injuries and losses were caused by the actions of persons not having real or apparent authority to take said actions on behalf of Lilly and over whom Lilly had not control and for whom Lilly may not be held accountable.

## ELEVENTH DEFENSE

If Plaintiffs have sustained injuries or losses as alleged in the Second Amended Complaint, upon information and belief, such injuries and losses were proximately caused by Plaintiffs' misuse or abuse of Cymbalta®.

## TWELFTH DEFENSE

If Plaintiffs have sustained injuries or losses as alleged in the Second Amended Complaint, such injuries or losses resulted from Plaintiffs' pre-existing and/or unrelated medical, genetic and/or environmental conditions, diseases, or illnesses, idiosyncratic reactions, subsequent medical conditions or natural course of conditions for which this Defendant is not responsible.

## THIRTEENTH DEFENSE

To the extent that Plaintiffs rely upon any theory of breach of warranty, such claims are also barred for lack of timely notice of breach and/or lack of privity.

## FOURTEENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs did not rely on any act, omission, or representation made by Lilly.

## FIFTEENTH DEFENSE

To the extent that Plaintiffs seek punitive damages for the conduct which allegedly caused the injuries asserted in the Second Amended Complaint, such an award would, if granted, violate Lilly's state and federal rights.

## SIXTEENTH DEFENSE

No act or omission of Lilly was willful, wanton, reckless or grossly negligent and, therefore, any award of punitive damages is barred.

## SEVENTEENTH DEFENSE

Plaintiffs have not suffered any actual injury or damages.

## EIGHTEENTH DEFENSE

Plaintiffs' claims are barred in whole or in part under comment k to Section 402A of the Restatement (Second) of Torts.

## NINETEENTH DEFENSE

Plaintiffs' claims are barred in whole or in part because Lilly provided legally adequate "directions or warnings" as to the use of Cymbalta® and any other medicine or pharmaceutical preparation Plaintiff alleges to have taken within the meaning of comment j to Section 402A of the Restatement of (Second) of Torts.

## TWENTIETH DEFENSE

Plaintiffs' claims are barred under Section 4, *et seq.*, of the Restatement (Third) of Torts: Products Liability.

## TWENTY-FIRST DEFENSE

Plaintiffs' claims are barred under comment f to Section 6 of the Restatement (Third) of Torts: Products Liability.

## TWENTY-SECOND DEFENSE

There is no practical or technically feasible alternative design that would have reduced the alleged risk without substantially impairing the reasonably anticipated and intended function of Cymbalta®. Plaintiffs' causes of action are barred in whole or in part by their failure to assert a safer design for Cymbalta.

## TWENTY-THIRD DEFENSE

Plaintiffs' claims are barred in whole or in part by failure to mitigate damages.

## TWENTY-FOURTH DEFENSE

Plaintiffs' claims are barred in whole or in part because Lilly's conduct conforms with medical knowledge.

## TWENTY-FIFTH DEFENSE

With respect to each and every cause of action, Plaintiffs are not entitled to recover for strict liability because Plaintiffs cannot state claims founded in strict liability because, among other things, comments j and k to Section 402A of the Restatement (Second) of Torts relegates Plaintiffs' claims to a negligence cause of action.

## TWENTY-SIXTH DEFENSE

With respect to each and every cause of action, Plaintiffs are not entitled to recover because if the product involved was unsafe, which Lilly denies, then it was unavoidably unsafe as defined in the Restatement of Torts. The apparent benefits of the product exceeded any apparent risk given the scientific knowledge available when the product was marketed.

## TWENTY-SEVENTH DEFENSE

Lilly's advertisement and labeling with respect to the products which are the subject matter of this action were not false or misleading and, therefore, constitute protected commercial speech under the applicable provisions of the Constitution of the United States and the Constitutions of the Commonwealth of Kentucky and State of Indiana.

## TWENTY-EIGHTH DEFENSE

The public interest in the benefit and availability of the product which is the subject matter of this action precludes liability for risks, if any, resulting from any activities undertaken by Defendant, which were unavoidable given the state of human knowledge at the time those activities were undertaken. With respect to Plaintiffs' claims, if it is determined there is a risk inherent in the product which is the subject matter of this action, then such risk, if any, is outweighed by the benefit of the product.

## TWENTY-NINTH DEFENSE

Lilly made no warranties of any kind, express or implied, including any alleged implied warranty of merchantability or any representations of any nature whatsoever to the Plaintiffs.

## THIRTIETH DEFENSE

At all times relevant herein, any product which is the subject matter of this action manufactured and distributed by Lilly in any state in the United States was manufactured and distributed in a reasonable and prudent manner based upon available medical and scientific knowledge and further was processed and distributed in accordance with and pursuant to all applicable regulations of the FDA.

### THIRTY-FIRST DEFENSE

With respect to each and every purported cause of action, the acts of Lilly were at all times done in good faith and without malice.

### THIRTY-SECOND DEFENSE

To the extent there were any risks associated with the use of the product which is the subject matter of this action which Lilly knew or should have known and which gave rise to a duty to warn, Lilly at all times discharged such duty through appropriate and adequate warnings in accordance with federal and state law.

### THIRTY-THIRD DEFENSE

Plaintiffs' claims against Lilly are barred because Plaintiffs' treating physicians fully informed Plaintiffs of the risks associated with the use of Cymbalta. Any informed consent and/or release given by Plaintiffs is pleaded as an affirmative defense.

### THIRTY-FOURTH DEFENSE

To the extent Plaintiffs' claims are based on alleged misrepresentations made to the FDA, such claims are barred pursuant to <u>Buckman Co. v. Plaintiffs' Legal Committee</u>, 531 U.S. 341 (2000).

### THIRTY-FIFTH DEFENSE

Plaintiffs' claims for pre-judgment and post-judgment interest are limited by the dates and amounts set forth in the state law applicable to Plaintiffs' claims.

### THIRTY-SIXTH DEFENSE

Any recovery by Plaintiffs for medical or healthcare expenses should be limited to the amount actually paid or incurred. Specifically, Plaintiffs are not entitled to an award of damages for medical bills for which no obligation to pay exists and/or ever existed.

## THIRTY-SEVENTH DEFENSE

Plaintiffs' damages claims are barred by the economic loss doctrine.

## THIRTY-EIGHTH DEFENSE

Plaintiffs' claims of fraud are barred by reason of the Second Amended Complaint's failure to allege the factual circumstances constituting the alleged fraud with particularity.

## THIRTY-NINTH DEFENSE

Plaintiffs' claims are barred because Cymbalta® complied with mandatory safety standards or regulations adopted and promulgated by the federal government that were applicable to the product at the time of manufacture and that governed the product risk that allegedly caused harm.

## FORTIETH DEFENSE

Plaintiffs' claims may be barred by failure to join indispensable parties.

## FORTY-FIRST DEFENSE

Any claims relating to alleged communications with regulatory agencies of the U.S. government are barred in whole or in part by operation of Lilly's Second Amendment right to petition the government (the *Noerr-Pennington* Doctrine).

## FORTY-SECOND DEFENSE

To the extent Plaintiffs assert demand for punitive damages, Lilly specifically incorporates by reference any and all standards of limitations regarding the determination and/or enforceability of punitive damages awards that arose in the decisions of *BMW of No. America v. Gore*, 517 U.S. 559 (1996); *Cooper Industries, Inc. v. Leatherman Tool Group, Inc.*, 532 U.S. 424 (2001); *State Farm Mut. Auto Ins. Co. v. Campbell*, 123 S. Ct. 1513 (2003); and *Exxon*

*Shipping Co. v. Baker*, No. 07-219, 2008 U.S. LEXIS 5263 (U.S. June 25, 2008) and their progeny as well as other similar cases under both federal and state law.

<u>**FORTY-THIRD DEFENSE**</u>

Any claim for punitive damages is limited by the law of the state applicable to Plaintiffs' claims.

<u>**FORTY-FOURTH DEFENSE**</u>

To the extent that Plaintiffs assert a claim for punitive damages, that claim is in contravention of the rights of Lilly under the following constitutional provisions:

a.   Plaintiffs' claim for punitive damages violates, and is therefore barred by, the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments to the Constitution of the United States of America, and the analogous provisions of the Kentucky and Indiana Constitutions, on grounds including the following:

    i.   the procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of the award of punitive damages which thereby violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution, and the analogous provisions of the Kentucky and Indiana Constitutions;

    ii.   the procedures pursuant to which punitive damages are awarded result in the imposition of different penalties for the same or similar acts, and thus violate the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution, and the analogous provisions of the Kentucky and Indiana Constitutions;

iii.   the procedures pursuant to which punitive damages are awarded permit the imposition of punitive damages in excess of the maximum criminal fine for the same or similar conduct, which thereby infringes upon the Due Process Clause of the Fifth and Fourteenth Amendments and the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution, and the analogous provisions of the Kentucky and Indiana Constitutions;

iv.   the procedures pursuant to which punitive damages are awarded permit the imposition of excessive fines in violation of the Eighth Amendment of the United States Constitution, and the analogous provisions of the Kentucky and Indiana Constitutions;

v.   the award of punitive damages to Plaintiffs in this action would constitute a deprivation of property without due process of law; and

vi.   the procedures pursuant to which punitive damages are awarded permit the imposition of an excessive fine and penalty.

## FORTY-FIFTH DEFENSE

The determination of the amount of punitive damages, if any, should be bifurcated from the remaining issues pursuant to the state law applicable to Plaintiffs' claims.

## FORTY-SIXTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Cymbalta® was designed, manufactured, distributed, marketed, and labeled with proper warnings, information, cautions, and instructions, in accordance with the state of the art and the state of scientific and technological knowledge.  Lilly invokes all state of the art defenses applicable to Plaintiffs'

claims, including the state of the art applicable to the industry in question, medicine, medical science, and all others, alleging that it discharged, according to law and due care, each and every duty which Plaintiffs may have been owed.

Inasmuch as the Second Amended Complaint does not describe the alleged underlying claims with sufficient particularity to enable Lilly to determine all of its legal, contractual, and equitable rights, Lilly reserves the right to amend and/or supplement the averments of its Answer to assert any and all pertinent liability defenses ascertained through further investigation and discovery.

Lilly will rely on all defenses that may become available during discovery or trial.

## ADDITIONAL AFFIRMATIVE AND OTHER DEFENSES UNDER INDIANA LAW

In addition to the general Affirmative and Other Defenses stated above, to the extent Indiana state law is applicable to Plaintiffs' Second Amended Complaint, Lilly asserts the following additional affirmative and other defenses:

1.      Any claim for punitive damages against Lilly in this case is subject to all limitations on and procedures governing such awards, including but not limited to those provided in Ind. Code § 34-51-3-1, et seq., and/or the corresponding laws of any other State or Commonwealth of the United States whose laws might be deemed controlling in this case.

2.      Pursuant to Indiana Code § 34-51-2-14, et seq., Plaintiffs' damages, if any, were caused in full or in part by non-parties to this litigation whose identity or identities are not presently known.  Because discovery has not yet been undertaken, Lilly has not had the opportunity to discover the identity of any potential non-parties and is thus unable to state whether there are persons that should be named as non-parties.  Lilly reserves the right to name any such non-parties upon discovery of the identity of any potential non-parties.

3.	Lilly is entitled to, and claims the benefit of, all defenses and presumptions set forth in or arising from any rule of law or statute in the State of Indiana and any other state whose law is deemed to apply in this case, including but not limited to the Indiana Product Liability Act, Indiana Code § 34-20-1-1, et seq.

4.	Plaintiffs failed to exercise ordinary care on their own behalf for their own safety which caused or contributed to the alleged injury or damage, if any.  Consequently, Plaintiffs' right to recover should be diminished and/or barred by that proportionate share of fault in accordance with the provisions of Ind. Code § 34-20-8-1 and § 34-51-2-1, et seq.

5.	Plaintiffs' claims are subject to all procedures, limitations and restrictions contained in the Indiana Comparative Fault Act, Ind. Code § 34-51-2-1, et seq.

## <u>ADDITIONAL AFFIRMATIVE AND OTHER DEFENSES<br>UNDER KENTUCKY LAW</u>

In addition to the general Affirmative and Other Defenses stated above, to the extent Kentucky state law is applicable to Plaintiffs' Second Amended Complaint, Lilly asserts the following additional affirmative and other defenses:

1.	Lilly affirmatively states and alleges that Lilly is entitled to the benefit of the presumption that the product at issue is not defective under Ky. Rev. Stat. § 411.310(2) because the design, methods of manufacture, and testing conformed to the generally recognized and prevailing standards or the state of the art in existence at the time the design was prepared, and the product was manufactured.

2.	Lilly affirmatively states and alleges that Lilly is or may be entitled to the benefit of the presumption that the product at issue was not defective under Ky. Rev. Stat. § 411.310(1) to the extent that injury, if any, occurred more than five years after the date of sale or more than eight years after the date of manufacture.

3.     Lilly affirmatively states and alleges that Plaintiffs' claims for punitive damages cannot be sustained because an award of punitive damages under Kentucky law by a jury that is not specifically instructed on the limits of punitive damages imposed and provided a sufficient clarity for determining such an award, not subject to judicial review on the basis of an objective standard, would violate due process and the equal protection rights guaranteed by the Fourteenth Amendment of the United States Constitution and the double jeopardy clause of the Fifth Amendment as incorporated into the Fourteenth Amendment of the United States Constitution by Sections Two, Three, Thirteen and Seventeen of the Constitution of the Commonwealth of Kentucky.

4.     Lilly affirmatively states and alleges that Plaintiffs' claims for punitive damages are in violation of and are barred by the equal protection clause of Sections 2 and 3, et seq., of the Constitution of Kentucky.

5.     Lilly affirmatively states and alleges that Plaintiffs' claims for punitive damages are unconstitutional and violate Lilly's right to protection from "excessive fines" as provided in the Eighth Amendment of the United States Constitution and Section 17 of the Constitution of the Commonwealth of Kentucky.

WHEREFORE, Lilly respectfully demands judgment dismissing the Second Amended Complaint with prejudice and awarding Lilly its reasonable costs and disbursements, including reasonable attorneys' fees, together with such and other and further relief that the court may deem just and proper.

## **JURY DEMAND**

Lilly demands a trial by jury as to all issues triable.

DATED this 21st day of July, 2015.

Respectfully submitted,

ICE MILLER LLP


*s/ Nancy Menard Riddle*
Nancy Menard Riddle, Atty. No. 15075-49
Email: Nancy.Riddle@icemiller.com
Phone: (317) 236-2189
Fax: (317) 592-4740
Mary Nold Larimore, Atty. No. 9877-49
Email: Larimore@icemiller.com
Phone: 317-236-2407
Fax: (317) 592-4688

ICE MILLER LLP
One American Square, Suite 2900
Indianapolis, IN 46282-0200


*Attorneys for Defendant*
*Eli Lilly and Company*

## CERTIFICATE OF SERVICE

I hereby certify that on the 21st day of July, 2015, a copy of the foregoing was filed electronically. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system. Parties may access this filing through the court's system.

Diane Marger Moore
dmargermoore@baumhedlundlaw.com

Robert Brent Wisner
rbwisner@baumhedlundlaw.com


*s/ Nancy Menard Riddle*
Nancy Menard Riddle

I\5527731.1