UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DENISE GAY DECRANE AND<br>CHRISTOPHER HAGAN HUFF,<br><br>PLAINTIFFS,<br><br>vs.<br><br>ELI LILLY AND COMPANY,<br><br>DEFENDANT. | )  1:15-CV-00365-JMS-DKL<br>)<br>)  HON. JANE MAGNUS-STINSON<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**RESPONSE TO COURT'S ORDER REGARDING SUBMISSION OF CITIZEN DECLARATION**

Plaintiffs Denise Gay DeCrane and Christopher Hagan Huff ("Plaintiffs") respectfully submit this response to the Court's Order directing Plaintiff DeCrane to submit a declaration to Defendant Eli Lilly and Company ("Lilly") concerning whether (1) she is a citizen of Kentucky and (2) whether she is not a citizen of Indiana.  The purpose of this declaration is to allow Lilly to admit, in its Answer to the Complaint, that there is complete diversity.  This Order was made *sua sponte* as neither Lilly nor Plaintiffs have raised any issues about whether this Court has subject matter jurisdiction based on complete diversity.  Indeed, there is no dispute about whether Plaintiff DeCrane's allegations concerning her state citizenship are accurate.  Lilly simply lacks sufficient knowledge to admit or deny the allegation and, thus, has elected to deny it.  Plaintiffs acknowledge, however, that the Court has an independent obligation to ensure that it possess subject matter jurisdiction over those case before it and, accordingly, Plaintiffs' counsel have been tirelessly working to comply with the Court's Order.

Despite significant effort, Plaintiffs' counsel has not been able to obtain and serve a citizen declaration on Lilly by the Court's August 21, 2015 deadline.  Plaintiff DeCrane was in contact with Plaintiffs' counsel and indicated that she would send in her declaration.  In fact, Plaintiffs' counsel was told that she had sent the declaration and it should have been received last

week. The declaration, however, did not arrive. And, subsequently, Plaintiffs DeCrane left the country for a scheduled trip. She has been out of contact since leaving, and despite numerous emails and phone messages attempting to contact her, she has not had any communication for the last week.

In recognition of the Court's threat to dismiss her claims, Plaintiffs' counsel served on Lilly printouts of Plaintiff DeCrane's Facebook profiles (which all indicate she resides in Kentucky) and a document filled out by Plaintiff DeCrane indicating her residence in Kentucky. Lilly, however, would not accept such documentation as evidence of her citizenship, and would not be willing to stipulate to the existence of diversity. Plaintiffs submit that evidence now to the Court as Exhibits A & B. Additionally, Plaintiffs attach a copy of a print out with Plaintiff DeCrane's motor vehicle registration information, obtained from WestLaw, which indicates that Plaintiff DeCrane recently had a car registered in Kentucky, consistent with the allegations in the Complaint regarding her citizenship as Exhibit C.

Plaintiffs fully recognize that this documentation is not in compliance with the Court's Order. The evidence submitted, however, is sufficient to overcome the threshold issue of whether this Court has sufficient jurisdiction, i.e., a *prima facie* of showing of diversity.

This case was filed because of pending statute of limitations expiration. Dismissal at this time would exact extreme prejudice on Plaintiff DeCrane. Accordingly, and in full recognition of the deficiencies of this response, Plaintiffs' submit that on this record, the Court can and should exercise discretion and assert subject-matter jurisdiction over this action, particularly since neither party has raised this as a disputed issue. As soon as contact is made with Plaintiff DeCrane again, Plaintiffs will come into compliance with this Court's order and serve Lilly with the appropriate citizen declaration.

This filing is made with respect to the Court. Plaintiffs' counsel have been working diligently to obtain the citizen declarations in this and other cases, hoping to comply with this Court's unique subject-matter jurisdiction requirements. This eleventh-hour attempt to meet the

threshold burden of subject-matter jurisdiction is made to prevent Plaintiffs' client from having her case dismissed.  This Court has broad discretion, and Plaintiffs ask that the Court exercise it here, as there is no "real" dispute that there is complete diversity in these cases.

Dated: August 21, 2015                    **BAUM HEDLUND ARISTEI & GOLDMAN, P.C.**

/s/ R. Brent Wisner
R. Brent Wisner
rbwisner@baumhedlundlaw.com
12100 Wilshire Blvd., Suite 950
Los Angeles, CA 90025
Tel: (310) 207-3233
Fax: (310) 820-7444

Diane Marger Moore
Indiana Attorney number 15078-29
dmargermoore@baumhedlundlaw.com
201 North Illinois Street
16th Floor – South Tower
Indianapolis, IN 46204
Tel: (317) 610-3437
Fax: (317) 610-3202

*Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

    I, Brent Wisner, hereby certify that on the 21st day of August, 2015, a true copy of the foregoing RESPONSE TO COURT'S ORDER REGARDING SUBMISSION OF CITIZEN DECLARATION was filed electronically with the Clerk for the United States District Court for the Southern District of Indiana using the CM/ECF system, which shall send electronic notification to counsel of record.

        /s/ R. Brent Wisner
        R. Brent Wisner
        rbwisner@baumhedlundlaw.com
        12100 Wilshire Blvd., Suite 950
        Los Angeles, CA 90025
        Tel: (310) 207-3233
        Fax: (310) 820-7444