UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DENISE GAY DECRANE and CHRISTOPHER HAGAN HUFF, ) ) | |
| *Plaintiffs*, ) | |
| ) | 1:15-cv-00365-JMS-DKL |
| *vs.* ) ) | |
| ELI LILLY AND COMPANY, ) | |
| *Defendant*. | |

### ORDER

On August 22, 2015, Plaintiffs filed a Response to Court's Order Regarding Submission of Citizen Declaration. [Filing No. 29.] The Response addresses the Court's August 11, 2015 Order, [Filing No. 28], which required them to serve a declaration on Defendant Eli Lilly and Company ("Eli Lilly") from Plaintiff Denise DeCrane relating to her citizenship, and to facilitate the filing of a joint jurisdictional statement, by August 21, 2015.

In their Response – filed the day after the August 21, 2015 deadline – Plaintiffs state that they have not been able to obtain a declaration from Ms. DeCrane. [Filing No. 29 at 1-2.] They advise that Ms. DeCrane was in contact with Plaintiffs' counsel and indicated that she had sent her declaration to counsel, but the declaration did not arrive. [Filing No. 29 at 1-2.] Plaintiffs state that Ms. DeCrane is now out of the country on a scheduled trip, and is unreachable. [Filing No. 29 at 2.] In lieu of a declaration, Plaintiffs submit: (1) printouts of her Facebook profiles, which list Kentucky as her place of residence, [Filing No. 29-1]; (2) a form titled "Cymbalta Withdrawal

Question[n]aire," allegedly completed by Ms. DeCrane, which lists her address as Somerset, Kentucky, [Filing No. 29-2][1]; and (3) a Motor Vehicle Record printout obtained from WestLaw, indicating that Ms. DeCrane had a vehicle registered in Kentucky from July 2013 to July 2015, [Filing No. 29-3].

The Court notes at the outset – as it has done in the numerous other jurisdictional orders that have been issued in this case – that it has a responsibility to ensure that it has jurisdiction. *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 427 (7th Cir. 2009). While Plaintiffs acknowledge this fact and note that their response is made "with respect to the Court," they also state that the Court has raised the issue of Ms. DeCrane's citizenship "*sua sponte*," that "there is no dispute about whether Plaintiff DeCrane's allegations concerning her state citizenship are accurate," that they are attempting to comply with "this Court's unique subject-matter jurisdiction requirements," and that the Court should exercise its "discretion" and find that it has diversity jurisdiction here. [Filing No. 29 at 1-3.] Plaintiffs appears to insinuate that the Court is somehow going overboard. Putting aside the potentially disrespectful nature of these comments, at bottom they demonstrate that Plaintiffs misunderstand the nature of subject-matter jurisdiction, and the role of Plaintiffs and the Court with respect to subject-matter jurisdiction. First, and again, the Court must determine that it has subject-matter jurisdiction at the outset of the case, and counsel has a professional obligation to determine whether this is so as well. *Heinen v. Northrop Grumman Corp.*, 671 F.3d 669, 670 (7th Cir. 2012); *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 427 (7th Cir. 2009). The Court

---

[1] The Form, as filed, contains Ms. DeCrane's complete birth date. The Court **DIRECTS** the Clerk to **SEAL** this document, [Filing No. 29-2], and **ORDERS** Plaintiffs to re-file the document with Ms. DeCrane's full birthdate redacted immediately. Further, the Court cautions Plaintiffs' counsel to ensure that documents with personal identifiers are only filed in redacted form in the future. Fed. R. Civ. P. 5.2(a) (requiring certain personal identifiers to be redacted in court filings, including full birth dates).

suggests that Plaintiffs' counsel review *Hart v. Terminex Intern.*, 336 F.3d 541 (7th Cir. 2003), in which the Seventh Circuit Court of Appeals stated:

> After eight years in federal court and consideration by four federal judges (two magistrate and two district court) this case comes before us on appeal. This substantial consumption of federal resources makes it all the more regrettable that we must now order the dismissal of the case for lack of subject matter jurisdiction rendering everything that has occurred in those eight years a nullity. The mandate of limited federal jurisdiction must be honored by all and the parties to the instant litigation have failed to do so despite this court's numerous warnings. Indeed our warnings have focused on the exact issue that it at the root of the jurisdictional problem in this case, namely, the misidentification in diversity cases of the citizenship of parties….

*Id.* at 541. *See also id.* at 544 ("We…emphasize that this waste of federal judicial resources and delay of justice was avoidable and reiterate our admonitions to future litigants to meticulously review the limits of federal jurisdiction"); *Ind. Gas Co. v. Home Ins. Co.*, 141 F.3d 314, 319 (7th Cir. 1998) (dismissing case for lack of subject matter jurisdiction after three years of litigation, despite the parties not raising the issue to the district court or on appeal).

The Court's requirement that Plaintiffs submit a declaration from Ms. DeCrane regarding her citizenship, and the numerous other orders the Court has had to enter in this and other similar cases regarding jurisdiction, is not "unique" as Plaintiffs suggest. At least two to three times per week, this Court orders parties to re-plead, submit jurisdictional statements, or provide evidence where jurisdiction is contested. In doing so, the Court is simply carrying out its obligation of determining that it has subject-matter jurisdiction before allowing the litigation to proceed. The Seventh Circuit Court of Appeals imposes the same obligation of diligence on counsel. Accordingly, the parties must comply with Court orders relating to that obligation. Indeed, the Court cannot think of a more important responsibility for plaintiffs that choose to bring a lawsuit in federal court than to demonstrate to the Court at the outset of the litigation that subject-matter jurisdiction exists.

Further, despite Plaintiffs' characterization of what has happened thus far in the litigation, there is a dispute regarding Ms. DeCrane's citizenship because the parties have not been able to reach an agreement as to what that citizenship is. Eli Lilly has stated that it lacks knowledge or information sufficient to form a belief as to the truth or accuracy of those allegations and has declined to admit them in its Answer. It has proposed that Ms. DeCrane provide a declaration but, to date, she has not done so. Eli Lilly has not accepted any of the documents Plaintiffs filed as exhibits to their Response as proof of Ms. DeCrane's citizenship. Accordingly, the parties do dispute whether Ms. DeCrane is a citizen of Kentucky – Plaintiffs say she is, and Eli Lilly says it does not know whether she is.

Plaintiffs chose to bring this lawsuit in federal court, and it is their burden to demonstrate to the Court that it has subject-matter jurisdiction. Given the dispute, Plaintiffs must establish by a preponderance of the evidence that the litigation is between citizens of different states, and that the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332; *LM Ins. Corp. v. Spaulding Enterprises Inc.*, 533 F.3d 542, 547 (7th Cir. 2008) ("A proponent of federal jurisdiction must, if material factual allegations are contested, prove those jurisdictional facts by a preponderance of the evidence"). In what they call an "eleventh-hour attempt," Plaintiffs have provided documentation to support their allegation that Ms. DeCrane is a resident of Kentucky, but the documents they submit are not admissible evidence from which the Court can draw conclusions regarding her citizenship.

Finally, the Court does not have "discretion" when it comes to whether it has subject-matter jurisdiction, as Plaintiffs suggest. Rather, the issue is black and white – there either is subject-matter jurisdiction or there is not. The problem in this case is that, as to Ms. DeCrane's claims, the Court cannot answer that question because Ms. DeCrane has not sustained her burden of proof.

The Court cannot and will not look the other way and allow her claim to proceed without resolution of this issue.[2]

That said, the Court recognizes that Plaintiffs' counsel has been in contact with Ms. DeCrane, that she appeared willing to provide a declaration (and, in fact, advised that she had sent one to Plaintiffs' counsel), but that she is now out of the country for a scheduled trip and is unavailable.  The Court will afford Ms. DeCrane one more opportunity to sustain her burden of proof regarding subject-matter jurisdiction by providing a declaration.  The Court **ORDERS** Plaintiffs to obtain a declaration from Ms. DeCrane, provide it to Eli Lilly, and facilitate the filing of a joint jurisdictional statement setting forth Ms. DeCrane's citizenship no later than **September 11, 2015**.  Failure to do so by this deadline will subject Ms. DeCrane's claims to dismissal.

Date: August 25, 2015

_____
Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution via ECF only to all counsel of record**

---

[2] The Court has made clear from the outset of this litigation that each Plaintiff's claim stands on its own jurisdictional merit.  *See, e.g.*, *Del Vecchio v. Conseco, Inc.*, 230 F.3d 974, 978 (7th Cir. 2000) (each plaintiff must meet amount in controversy requirement); *see also* Filing No. 10.